UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60754-CIV-COHN/SELTZER

LARRY ZARRELLA, an individual,
ZARRELLA CONSTRUCTION, INC.,
a Florida Corporation, on Behalf of All
Others Similarly Situated

      Plaintiffs,

v.

PACIFIC LIFE INSURANCE COMPANY,

      Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PACIFIC LIFE INSURANCE COMPANY'S MOTION TO DISMISS THE COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Pacific Life Insurance Company's ("Pacific Life's") Motion to Dismiss the Complaint and Supporting Memorandum of Law [DE 12] ("Motion to Dismiss").  The Court has considered the Motion to Dismiss, Plaintiffs Larry Zarrella and Zarrella Construction, Inc.'s ("Plaintiffs'") Response [DE 18] ("Response"), Pacific Life's Reply [DE 25] ("Reply"), and the record in this case, and is otherwise fully advised in the premises.

## I. BACKGROUND

On May 10, 2010, Plaintiffs brought this class action against Pacific Life for a variety of claims relating to life insurance policies that Pacific Life sold to Plaintiffs.  Mr. Zarrella is the "sole officer, shareholder and member of Zarrella Construction, Inc." Compl. ¶ 3.  Pacific Life is a national life insurance company that provides insurance products for a variety of purposes, including whole life insurance policies that can be used to fund employee benefits plans, such as 412(i) plans.  Compl. ¶ 11.

A 412(i) plan is an employer-sponsored defined benefit plan that provides retirement and death benefits to its participants under § 412(i) of the Internal Revenue Code.[1]  26 U.S.C. § 412(i) (2000) (amended as 26 U.S.C. § 412(e)(3) (2006)).  To qualify as an insurance contract plan under § 412(i), the plan must meet certain requirements listed in the statute, including that the defined benefits provided by the plan must be equal to the benefits provided under each insurance contract at normal retirement age.  § 412(i)(3).  The plan requires careful design and "sophisticated actuarial calculations . . . to determine a benefit formula that is consistent with the employer's objectives and budget."  Compl. ¶ 8.  To create such a plan, an employer establishes a trust to hold the plan's assets, and the trust uses tax-deductible employer contributions to purchase and maintain life insurance and/or annuity policies for the plans.  Id. ¶ 20; see also 26 U.S.C. § 401(a) (2006); 26 C.F.R. § 1.412(i)-1(b)(2)(i) (2006).

In March 2003, Plaintiffs purchased nine individual policies from Pacific Life for use in Zarrella Construction's 412(i) plan.  Compl. ¶ 24.  Almost one year later, in February of 2004, the Internal Revenue Service ("IRS") issued two Revenue Rulings declaring certain policies as illegal and abusive tax shelters.  Id. ¶ 20; see also Rev. Rul. 2004-20, 2004-1 C.B. 546; Rev. Rul. 2004-21, 2004-1 C.B. 544.  The IRS announced that the following five "markers" identify an abusive 412(i) plan:

---

[1]  The Pension Protection Act of 2006, 120 Stat. 780, 820-26 (2006), amended § 412 of the Internal Revenue Code.  The amendment renumbered § 412(i) as § 412(e)(3), but left the language of the statute unaltered.  In the interest of avoiding confusion, the Court will continue to refer to the pre-amendment version of the statute.

- The plan is designed for the cash surrender value to be temporarily depressed, so that it is significantly below the premiums paid;

- After a short period, usually five years, the policy is sold to the employee for the amount of the current cash surrender value during the period the cash surrender value is depressed;

- The policy is structured so that the cash surrender value increases significantly after it is transferred to the employee;

- A "springing" cash value gives employers tax deductions for amounts far exceeding what the employee would have recognized in income; and

- The plan assets consist entirely of life insurance policies that provide death benefits far exceeding the death benefits that can be paid to a participant under the retirement plan.

Id. ¶ 22.  Plaintiffs contend not only that their policies were characterized by all five of these markers, but also that Pacific Life "marketed and expressly touted the Policies by highlighting these 'special' benefits and/or incentives that—they knew or should have known—violated the IRS Code and presented substantial tax risks."  Id. ¶ 26.

In 2005, the IRS began a nationwide audit campaign directed at abusive 412(i) plans.  Id. ¶ 32.  As part of the audit, the IRS selected Plaintiffs' retirement plan for examination Id.  On September 7, 2007, the IRS informed Plaintiffs that their plans failed § 412(i)(3), the requirement that the benefits provided by the plan must be equal to the benefits provided under each insurance contract at normal retirement age.  Compl. ¶ 33; see also § 412(i)(3).  Plaintiffs allege that the audit resulted in substantial and ongoing fees and expenses.  Compl. ¶¶ 32-33.

Based on these facts, Plaintiffs filed their putative nationwide class action Complaint asserting the following claims: Breach of Contract (Count I); Equitable Fraud (Count II); Fraud in the Inducement (Count III); Negligent Misrepresentation (Count IV);

3

Common Law Fraud (Count V): Violation of Florida's Deceptive and Unfair Trade Practices Act § 508.201 *et seq.* ("FDUTPA") (Count VI); Unjust Enrichment (Count VII); Negligence (VIII); Negligence Per Se (Count IX); Unlawful Business Acts and Practices in Violation of California Business and Professions Code § 17200 *et seq.* ("California UCL") (Count X); Fraudulent Business Acts and Practices in Violation of California UCL § 17200 *et seq.* (Count XI).  On July 1, 2010, Pacific Life filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of [its] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  Nevertheless, the Court

4

may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. ANALYSIS

Pacific Life moves to dismiss the Complaint for failure to state a claim upon which relief can be granted.  Pacific Life contends the entire Complaint should be dismissed for lack of particularity, and that even if the Complaint satisfies the particularity requirements, each claim fails as a matter of law.

### A. Particularity Requirements

Pacific Life first argues that the entire Complaint should be dismissed for failure to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b).  Failure to satisfy Rule 9(b) cannot result in dismissal of the entire Complaint, however, as Rule 9(b) only applies to claims based on fraud or mistake.  See Fed. R. Civ. P. 9(b).  Thus, this section of the Court's analysis will only apply to Plaintiffs' fraud-based claims: Equitable Fraud (Count II); Fraud in the Inducement (Count III); Common Law Fraud (Count V); and Fraudulent Business Acts and Practices in Violation of the California UCL (Count XI).

Rule 9(b) requires that a party alleging fraud or mistake "must state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). Under Eleventh Circuit precedent, "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, . . . (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) [it], . . . (3) the

content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations and citations omitted). Allegations of date, time, or place satisfy the particularity requirement of Rule 9(b), but alternative means are also available to satisfy the rule. Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1512 (11th Cir. 1988); see also Colonial Penn Ins. Co. v. Value Rent-A-Car, Inc., 814 F. Supp. 1084 (S.D. Fla. 1992) (finding particularity satisfied when plaintiffs provided general time frame, described scheme in detail, and included specific allegations about related correspondence).  The purpose of this heightened pleading requirement is to give the defendant fair notice of the claims brought against it, to protect the defendant from harm to its reputation, and to prevent plaintiffs from filing baseless claims and then attempting to discover unknown wrongs. See Holguin v. Celebrity Cruises, Inc., Nos. 10-20215-CIV, 10-20545-CIV, 10-20546-CIV, 2010 WL 1837808, at *2 (S.D. Fla. May 4, 2010).

Pacific Life maintains that the Complaint does not satisfy Rule 9(b)'s particularity requirements because it does not sufficiently identify where Defendants' statements regarding the supposed benefit of the 412(i) plan were made, when the statements or omissions were made, how the misrepresentations were made, or why the statements were false when made.  Though allegations of where, when, how, and why are not the only way to satisfy Rule 9(b), see Durham, 847 F.2d at 1512, the Complaint's allegations regarding the insurance policy, the relevant documents, and the time frame are not enough to give Pacific Life fair notice of the claims and to protect Pacific Life from harm to its reputation, see Holguin, 2010 WL 1837808, at *2; see also Durham,

6

847 F.2d at 1512.

The Complaint fails to identify the time and place of the alleged statements regarding the insurance policies, who made those statements, and what information Pacific Life had or could have had in its possession to indicate that the statements were false when made. Plaintiffs in this case, like the plaintiffs in Berry v. Indianapolis Life Insurance Co., 600 F. Supp. 2d 805 (N.D. Tex. 2009) ("Berry I"), where the court granted dismissal for lack of particularity, "appear to be attempting to use the ultimate rulings and rule making by the IRS in 2004 . . . , which they allege resulted in the illegality of [the] defined benefit plans under section 412(i), to retroactively demonstrate that representations made by [the insurance company's] alleged agents . . . were false when made," id. at 818. The Complaint in the present case makes an identical argument, stated with no more particularity than the Berry I complaint. Without this information regarding its alleged statements, Pacific Life does not have adequate notice of the fraud claims brought against it. The Court cannot allow Plaintiffs to file such a general claim and then attempt to discover unknown wrongs later in the litigation process. See id. Accordingly, the Court finds that the Complaint does not specify the fraud allegations with the particularity required under Rule 9(b), and thus, the fraud-based counts will be dismissed. Because Plaintiffs will have the opportunity to cure this defect in an amended pleading, the Court will go on to address Pacific Life's additional argument for dismissal of the fraud-based counts based on failure to state a claim upon which relief can be granted.

7

## B. Fraud-Based Claims
### (Counts II, III, V, and XI)[2]

Pacific Life moves to dismiss Plaintiffs' fraud-based claims because the claims "are predicated on statements of opinion or statements concerning future events," Mot. at 16, and because "Plaintiffs cannot establish reasonable reliance," id. at 18. A fraud claim lies for: (1) misrepresentation of material fact; (2) by someone who knew or should have known of the statement's falsity; (3) with intent that the representation would induce another to rely and act on it; and (4) injury suffered in justifiable reliance on the representation. Fla. Evergreen Foliage v. E.I. Dupont de Nemours & Co., 336 F. Supp. 2d 1239, 1284 (S.D. Fla. 2004), aff'd 470 F.3d 1026 (11th Cir. 2006).

### 1. Material Fact

Pacific Life first contends that Plaintiffs' fraud allegations are improper because they are based on an opinion regarding future events. Fraud must be based on material fact, not on a promise or a prediction of future events. See First Union Brokerage v. Milos, 717 F. Supp. 1519, 1525 (S.D. Fla. 1989). The Complaint alleges that Pacific Life represented in March 2003 that the policies used to fund the 412(i) plans would be valid and subject to favorable future tax consequences. Compl. ¶¶ 49, 55, 60, 66. The following year, the IRS made its Revenue Rulings and proposed regulations regarding 412(i) plans. Compl. ¶¶ 20-23; Rev. Rul. 2004-20; Rev. Rul.

---

[2] The Motion to Dismiss characterizes all counts as fraud-based, see Mot. at 16 ("Fraud-Based Claims (Counts I-XI)"), but as stated above, the only fraud-based claims in this Complaint are Equitable Fraud (Count II), Fraud in the Inducement (Count III), Common Law Fraud (Count V), and Fraudulent Business Acts and Practices in Violation of the California UCL (Count XI). Accordingly, this section will only apply to those counts.

2004-21. Pacific Life's alleged representations were thus statements of opinion regarding future events.[3]

Nevertheless, Florida courts recognize an exception to the rule that opinions of future events cannot be the basis for fraud, treating such opinions as facts, but only when "the person expressing the opinion is one having superior knowledge of the subject of the statement and the plaintiff can show that the said person knew or should have known from facts in his or her possession that the statement was false." Mejia v. Jurich, 781 So. 2d 1175, 1177 (Fla. Dist. Ct. App. 2001) (surviving dismissal because experienced, knowledgeable real estate agent made promise regarding future events, when she knew her representations were false and never intended to perform them). The facts of this case are nearly identical to those in Berry I, 600 F. Supp. 2d 805 and Berry v. Indianapolis Life Insurance Co., 638 F. Supp. 2d 732 (N.D. Tex. 2009) ("Berry II"), where fraud claims were dismissed as unactionable because the insurance company's representations were mere opinions or predictions as to how the IRS would treat the plans in the future. Though Berry I and Berry II did not discuss the Florida law exception treating certain opinions as facts for fraud purposes, Plaintiffs have not pled facts sufficient to qualify for this exception anyway. The allegations in the Complaint appear insufficient to support the contention that Pacific Life knew or should have known that the IRS would scrutinize its policies, and the Complaint does not provide an adequate basis for any allegation that the statements were false when made. Regardless, Plaintiffs' fraud-based claims must fail on the basis that there has been no

---

[3] The Complaint does not allege that Pacific Life made any representations after the Revenue Rulings were issued.

allegation of the requisite reliance.

## 2. Reliance

In its second argument for dismissal of the fraud-based claims, Pacific Life contends that any reliance on the alleged representations was improper. "[R]eliance on fraudulent representations is unreasonable as a matter of law where the alleged misrepresentations contradict the express terms of the ensuing written agreement." Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc., 262 F. Supp. 2d 1334, 1342 (S.D. Fla. 1999) (citations omitted).

Plaintiffs allege that Pacific Life represented that the policies used to fund the 412(i) plans would be valid and subject to favorable future tax consequences. Compl. ¶¶ 49, 55, 60, 66. The Rider states that the "rider and any Policy covered by it are intended to qualify as part of tax-qualified retirement plan or arrangement that meets the requirements of Code Sec. 401(a) and 412(i)," DE 12-2 (Rider) ¶ 5; Compl. ¶ 29, and the Policy Illustration makes clear that "[a]lthough the information contained in this illustration is based on [Pacific Life's] understanding of the Internal Revenue Code (IRC) and on certain tax and legal assumptions, it is not intended to be tax or legal advice. Such advice should be obtained from your own counsel or other tax advisor," DE 12-1 (Policy Illustration and Disclosure Forms) at 13. In other words, Pacific Life intended for the plans to comply with § 412(i) when it sold the plans in 2003, but in the written contract, Pacific Life specifically did not guarantee any future tax or legal consequences. As Judge Gold stated in another Southern District of Florida case based on Pacific Life's 412(i) plans, Espinosa v. Pacific Life Insurance Co., No. 07-20936, Transcript 34-35 (S.D. Fla. filed on April 6, 2007), "the Pacific Life illustrations

10

appear to be inconsistent with the complaint allegations to the extent that they plainly and expressly disclaim any promises or future tax benefits and require the plan participant to consider the tax treatment with his or her attorney or tax advisor," id. Thus, any reliance on Pacific Life's alleged representations regarding future tax consequences was improper because Plaintiffs knew not to rely on Pacific Life for tax advice.  See Omni Home Fin., Inc. v. Hartford Life & Annuity Ins. Co., No. 06cv0921, 2008 WL 1925248, at **4-5 (S.D. Cal. Apr. 29, 2008) (fraud claims failed when disclaimers clearly explained Plaintiffs "should not rely on defendants for legal and tax advice").  Thus, Plaintiffs have not alleged the requisite reliance.  Accordingly, in addition to their dismissal for lack of particularity under Rule 9(b), as discussed above, Plaintiffs' fraud-based claims will also be dismissed without prejudice for failure to state a claim upon which relief can be granted.[4]

### C. Breach of Contract
### (Count I)

Pacific Life moves to dismiss Plaintiffs' breach of contract claim because "the Complaint does not and cannot identify any provision of § 412(i), or its supporting regulations, that would prohibit or disqualify Plaintiffs' policies from use in a valid 412(i)

---

[4] Plaintiffs' negligent misrepresentation claim (Count IV) similarly fails to allege the requisite reliance.  To plead a negligent misrepresentation claim, a plaintiff must allege that (1) there was a misrepresentation of material fact; (2) the representation was made either without knowledge as to its truth or falsity, or under circumstances in which the representor ought to have known of its falsity; (3) the representor intended for the misrepresentation to induce another to act on it; and (4) the party acting in justifiable reliance on the misrepresentation was injured.  Souran v. Travelers Ins. Co., 982 F.2d 1487, 1504 (11th Cir. 1993).  For the same reasons stated above, Plaintiffs have not alleged the justifiable reliance element required for this claim.  Accordingly, the negligent misrepresentation claim will be dismissed for failure to state a claim upon which relief can be granted.

plan . . . and can point to no definitive guidance by the IRS that would render the policies inappropriate in a properly administered plan . . . Nor do Plaintiffs explain how the Rider was allegedly breached in this case." Mot. at 14.  To survive dismissal for a breach of contract claim, a plaintiff must allege "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." Textron Fin. Corp. v. Lentine Marine, Inc., 630 F. Supp. 2d 1352, 1356 (S.D. Fla. 2009) (citing Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006)).  Plaintiffs have alleged each element required for breach of contract in their Complaint.  See Compl. ¶¶ 43-45.  Any contention that the facts are not as Plaintiffs allege is premature at this point in the proceedings.  Accordingly, accepting Plaintiffs' allegations as true, as the Court is required to do at this stage, Plaintiffs' allegations are sufficient to survive dismissal as a matter of law on their breach of contract claim.

### D.  Florida Deceptive and Unfair Trade Practice Act Claim (Count VI)

Pacific Life moves to dismiss Plaintiffs' Florida Deceptive and Unfair Trade Practice Act ("FDUTPA") claim "because the statute expressly precludes a cause of action against insurers." Mot. at 20.  Plaintiffs bring no argument in response. FDUTPA § 502.212 states, "This part does not apply to . . . (4) Any person or activity regulated under laws administered by: (a) The Office of Insurance Regulation of the Financial Services Commission; . . . (d) Any person or activity regulated under the laws administered by the former Department of Insurance which are now administered by the Department of Financial Services." FDUTPA § 502.212.  As such, FDUTPA does not apply to insurance companies.  See, e.g., Halmos v. Ins. Co. of. N. Am., No.

12

08-10084-CIV, DE 486 at 13 (S.D. Fla. filed on Oct. 22, 2008) (dismissing FDUTPA claim with prejudice because the statute does not permit civil action against insurer); see also Antoine v. State Farm Mut. Auto. Ins. Co., 662 F. Supp. 2d 1318, 1326 (M.D. Fla. 2009) (same); Int'l Brokerage & Surplus Lines, Inc. v. Liberty Mut. Ins. Co., No. 8:06-cv-104-T-30MSS, 2007 WL 220172, at *9 (M.D. Fla. Jan. 26, 2007) (same). Pacific Life is an insurance company, so FDUTPA does not apply to claims against Pacific Life. Accordingly, because Plaintiffs' allegations cannot support this claim as a matter of law, the Court will dismiss Plaintiffs' FDUTPA claim with prejudice.

### E.  Unjust Enrichment
### (Count VII)

Pacific Life contends Plaintiffs' unjust enrichment claim should be dismissed because an express contract exists. No cause of action in unjust enrichment can exist where the parties' relationship is governed by an express contract. Webster v. Royal Caribbean Cruises, Ltd., 124 F. Supp. 2d 1317, 1326-27 (S.D. Fla. 2000); see also Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1369 (S.D. Fla. 2007) ("a quasi-contractual claim fails upon a showing that an express contract exists"). This is because "the theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy." Webster, 124 F. Supp. 2d at 1326 (citing Gary v. D. Agustini & Asociados, S.A., 865 F. Supp. 818, 827 (S.D. Fla.1994)).

Though the parties entered an express contract here, Plaintiffs contend that their unjust enrichment claim should survive dismissal anyway because it is a claim in the alternative pursuant to Federal Rule of Civil Procedure 8. Resp. at 19. Though Rule 8 permits alternative pleading, see Fed. R. Civ. P. 8(a), "an unjust enrichment claim can

only be pled in the alternative if one or more parties contest the existence of an express

contract governing the subject of the dispute," In re Managed Care Litig., 185 F. Supp.

2d 1310, 1337-38 (S.D. Fla. 2002), and this is not the case here.  The parties do not

dispute the existence of an express contract governing their insurance policy

agreement, so the equitable remedy of unjust enrichment is not available.  Accordingly,

because Plaintiffs' allegations cannot support their unjust enrichment claim as a matter

of law, the Court will dismiss the claim with prejudice.

## F. Negligence
## (Count VIII)

Pacific Life contends Plaintiffs' negligence claim should be dismissed because

Pacific Life owes no legal duty to Plaintiffs.[5]  To plead a negligence claim under Florida

---

[5]  Pacific Life also argues that the economic loss rule bars Plaintiffs' negligence claim.  Mot. at 22, n.12.  The economic loss rule precludes recovery for negligence that results only in economic harm.  Casa Clara Condo. Ass'n v. Charley Toppino & Sons, Inc., 620 So. 2d 1244, 1246 (Fla. 1993).  The Florida Supreme Court has "declined to extend the economic loss rule to actions based on fraudulent inducement and negligent misrepresentation," Moransais v. Heathman, 744 So. 2d 973, 981 (Fla. 1999), as these are "causes of action based upon torts independent of the [breach of contract action]," id. at 981.  Nevertheless, the economic loss rule does bar an action "where a defendant has not committed a breach of duty apart from a breach of contract" Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc., 891 So. 2d 532, 537 (Fla. 2004).  This is because "[t]he prohibition against tort actions to recover solely economic damages for those in contractual privity is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort."  Id. at 536.

Plaintiffs argue in their Response that their negligence claim is based on negligent misrepresentation.  See Resp. at 21-22.  To the extent this is true, the claimed tort is not independent of the alleged contractual breach and thus, the economic loss rule does not bar the claim.  See Moransais, 744 So. 2d at 981.  Yet, Plaintiffs have pled Negligent Misrepresentation (Count IV) separately from Negligence (Count VIII).  The negligence claim alleges breach of a duty to structure and design policies suitable for 412(i) plans, see Compl. ¶ 19, the same breach alleged in the breach of contract claim, see id. ¶¶ 43-44.  Accordingly, to the extent that the negligence claim and breach of contract claim both allege failure to structure and

law, a plaintiff must allege: "(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach, and (4) the plaintiff suffering actual harm from the injury." Zivojinovich v. Barner, 525 F.3d 1059, 1067 (11th Cir. 2008). The Complaint alleges that Pacific Life owed a "duty to structure and design the Policies as suitable funding mechanisms for 412(i) Plans with substantial tax benefits stemming therefrom," Compl. ¶ 83, that Pacific Life failed to structure and design the plans to qualify as 412(i) plans, id. ¶ 84, that this caused Plaintiffs' injuries, id. ¶ 85, and that Plaintiffs suffered financial harm from the injury, id. ¶ 33. Pacific Life disputes the fact that the duty alleged is actually a legal duty.

"Although the issue of whether a defendant exercised reasonable care is generally a jury question, whether a 'duty of care' exists is a question of law to be determined solely by the court." L.A. Fitness Int'l, LLC v. Mayer, 980 So. 2d 550, 557 (Fla. Dist. Ct. App. 2008). In response to the Motion to Dismiss, to support their claim that Pacific Life was under a legal duty, Plaintiffs cite Perez-Encinas v. Amerus Life Insurance Co., 468 F. Supp. 2d 1127 (N.D. Cal. 2006), a California case that does not speak to Florida law, but rather states that California law recognizes an insurance company's duty to inform an insured of its rights and obligations under the policy, id. at 1136. Regardless, the Complaint alleges that Pacific Life failed to structure and design the policies as suitable for 412(i) plans, see Compl. ¶ 19, not that Pacific Life failed to inform Plaintiffs of their rights and obligations under the policy. Accordingly, because Plaintiffs have failed to allege that Pacific Life breached a legal duty, the Court will

————————————————

design policies as suitable for 412(i) plans, the economic loss rule bars recovery.

15

dismiss the negligence claim without prejudice.

### G. Negligence Per Se
### (Count IX)

Pacific Life argues Plaintiffs' negligence per se claim should be dismissed

because the Complaint does not allege sufficient facts to support the claim, and

because there is no evidence that the legislature contemplated a private right of action

here. Florida law recognizes a negligence per se claim for "violation of a statute which

establishes a duty upon a party to take precautions to protect a particular class of

persons from a particular injury or type of injury." Hesterly v. Royal Caribbean Cruises

Ltd., 515 F. Supp. 2d 1278, 1287 n.6 (S.D. Fla. 2006) (citing de Jesus v. Seaboard

Coast Line R.R., 281 So. 2d 198, 201 (Fla. 1973)). When a statute is silent as to

whether it allows for a private cause of action, such a claim can only survive when the

statute evidences legislative intent to create a private cause of action. Murthy v. N.

Sinha Corp., 644 So. 2d 983, 985 (Fla. 1994); see also Langbehn v. Pub. Health Trust

of Miami-Dade Cnty., 661 F. Supp. 2d 1326, 1343 n.8 (S.D. Fla. 2009); Pantages v.

Cardinal Health 200, Inc., 5:08-cv-116-Oc-10GRJ, 2009 WL 2244539, at *3 (M.D. Fla.

July 27, 2009)); Blinn v. Smith & Nephew Richards, Inc., 55 F. Supp. 2d 1353, 1361

(M.D. Fla. 1999). A federal court, like this Court, should be particularly "reluctan[t] to

read private rights of action in state laws where state courts and state legislatures have

not done so." Swerhun v. Guardian Life Ins. Co. of Am., 979 F.2d 195, 198 (11th Cir.

1992) (quoting Farlow v. Union Cent. Life Ins. Co., 874 F.2d 791, 795 (11th Cir.1989)

abrogated on other grounds by Morstein v. Nat'l Ins. Servs., Inc., 93 F.3d 715 (11th Cir.

1996)).

16

Plaintiffs' negligence per se claim is based on Florida Statutes § 626.9541(1)(a)1[6] and (b)4.[7]  The Florida legislature provides for private causes of action under certain parts of § 626.9541: "*Any person* may bring a civil action against an insurer when such person is damaged: . . . By a violation of any of the following provisions by the insurer: . . . *Section 626.9541(1)(i), (o), or (x)* . . ." Fla. Stat. § 624.115(1)(a)1 (emphasis added); see also Auto-Owners Ins. Co. v. Conquest, 658 So. 2d 928, 929 (Fla. 1995) (". . . the legislature has evidenced its desire that all persons be allowed to bring civil suit when they have been damaged by enumerated acts of the insurer.").  But the Complaint does not allege violation of an enumerated act; rather, it alleges violation of § 626.9541(1)(a)1 and (b)4, neither of which is covered under § 624.115.  See Compl. ¶ 87.  If anything, the fact that § 624.115's list of enumerated acts explicitly lists three sections of § 626.9541(1) without including (a) or (b) evidences the legislature's intent not to create a private cause of action for those sections.  Accordingly, Plaintiffs cannot use negligence per se to create a private cause of action for alleged violations of § 626.9541(1)(a)1 and (b)4 because the legislature has not demonstrated an intent to create a private cause of action under these

---

[6]  Section (1)(a)1 defines "[m]isrepresentations and false advertising of insurance policies" as "[k]nowingly making, issuing, circulating, or causing to be made, issued, or circulated, any estimate, illustration, circular, statement, sales presentation, omission, or comparison which: . . . [m]isrepresents the benefits, advantages, conditions, or terms of any insurance policy." Fla. Stat. § 626.9541(1)(a)1.

[7]  Section (1)(b)4 defines "[f]alse information and advertising generally" as "[k]nowingly making, publishing, disseminating, circulating, or placing before the public, or causing, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public: . . . an advertisement, announcement, or statement containing any assertion, representation, or statement with respect to the business of insurance, which is untrue, deceptive, or misleading." Fla. Stat. § 626.9541(1)(b)4.

sections.  The negligence per se claim will therefore be dismissed with prejudice as to § 626.9541(1)(a)1 and (b)4.

### H.  Violations of California's Unfair Competition Law
### (Counts X and XI)

Pacific Life moves to dismiss Plaintiffs' claims for violation of California's Unfair Competition Law ("California UCL"), Cal. Bus. & Prof. Code § 17200, arguing first, that Plaintiffs have no standing to assert claims under the California UCL, and second, that Plaintiffs fail to allege the predicate violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq*, and False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, on which the California UCL claims are based.  Because the Court finds the Plaintiffs have not pled adequate standing under the California UCL, the Court does not reach the issue of whether Plaintiffs have alleged the predicate violations of the CLRA and FAL.

Pacific Life's standing argument contends that Plaintiffs have no standing under the California UCL because they have not demonstrated that the conduct at issue was connected to California.  Section 17200 of the California UCL provides a remedy for injuries resulting from unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200 *et seq*.  The California UCL "does not support claims by non-California residents where none of the alleged misconduct or injuries occurred in California." Churchill Vill., L.L.C. v. Gen. Elec. Co., 169 F. Supp. 2d 1119, 1126 (N.D. Cal. 2000) (neglecting to apply California law against New York corporate defendant with principal place of business in Connecticut where no related acts took place in California).  Courts have allowed out-of-state purchasers to

sue California defendants, but only when there was alleged misconduct within California. See, e.g., State of Fla., Office of Atty. Gen., Dep't of Legal Affairs v. Tenet Healthcare Corp., 420 F. Supp. 2d 1288, 1311 (S.D. Fla. 2005) (allowing UCL claim by non-Californians to proceed when defendant was headquartered in California and wrongful conduct occurred in California); Parks v. Eastwood Ins. Servs., Inc., No. SA CV 02-507 GLT (MLGx), 2002 WL 34370244, at *2 (C.D. Cal. July 29, 2002) (same); Diamond Multimedia Sys., Inc. v. Superior Court, 968 P.2d 539, 555-56 (Cal. 1999) (allowing non-Californians to sue under California statute when conduct occurred in California).

The Complaint alleges that the claims "arose as a result of Defendant Pacific Life's marketing and sale of the Policies in Broward County, Florida," Compl. ¶ 7, and that Plaintiffs are Florida residents, Compl. ¶¶ 3-4. Though the Complaint states, "Pacific Life is a California corporation with its principal place of business in California," id. ¶ 100, there is no mention of any act taking place in California. Like David v. American Suzuki Motor Corp., 629 F. Supp. 2d 1309, 1327 (S.D. Fla. 2009), where the allegation that California was the "state of defendant's primary place of business," without any mention of wrongful conduct occurring in California, was insufficient to state a claim under the California UCL, id. at 1327, the assertion that Pacific Life is a California corporation with its principal place of business in California, absent any mention of conduct occurring in California, is insufficient here. Accordingly, because Plaintiffs have not demonstrated requisite standing under the California UCL, this claim must fail.

## IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant Pacific Life's Motion to Dismiss is **GRANTED in part and DENIED in part** as follows:

1.  The fraud-based counts, Count II (Equitable Fraud ), Count III (Fraud in the Inducement), Count V (Common Law Fraud), and Count XI (Fraudulent Business Acts and Practices in Violation of the California UCL) are **DISMISSED without prejudice** for failure to comply with Federal Rule of Civil Procedure 9(b) and for failure to state a claim upon which relief can be granted;

2.  Count IV (Negligent Misrepresentation) is **DISMISSED without prejudice**

3.  Count VI (Violation of FDUTPA) is **DISMISSED with prejudice**;

4.  Count VII (Unjust Enrichment) is **DISMISSED with prejudice**;

5.  Count VIII (Negligence) is **DISMISSED without prejudice**;

6.  Count IX (Negligence Per Se) is **DISMISSED with prejudice** as to Florida Statutes § 626.9541(1)(a)1 and (b)4;

7.  Counts X and XI (Violations of the California UCL) are **DISMISSED without prejudice**; and

8.  The Motion to Dismiss is **DENIED** as to Count I (breach of contract).

It is further **ORDERED AND ADJUDGED** that Plaintiffs may file an Amended Complaint by **November 24, 2010**. Alternatively, Plaintiffs may file a Notice electing to proceed solely on the remaining breach of contract claim. Pacific Life's Answer will be due 15 calendar days from the filing of an Amended Complaint or a Notice. Plaintiffs'

20

failure to file an Amended Complaint or Notice by the November 24, 2010 deadline will result in the closing of this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 10th day of November, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record

21