UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60754-CIV-COHN/SELTZER

LARRY ZARRELLA, an individual,
ZARRELLA CONSTRUCTION, INC.,
a Florida Corporation, on Behalf of All
Others Similarly Situated,

        Plaintiffs,

v.

PACIFIC LIFE INSURANCE COMPANY,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT PACIFIC LIFE INSURANCE COMPANY'S
## MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Pacific Life Insurance

Company's ("Pacific Life's") Motion to Dismiss Plaintiffs' Amended Class Action

Complaint [DE 39] ("Motion to Dismiss"). The Court has considered the Motion to

Dismiss, Plaintiffs Larry Zarrella and Zarrella Construction, Inc.'s ("Plaintiffs'") Corrected

Response [DE 50] ("Response"), Pacific Life's Reply [DE 52] ("Reply"), and the record

in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On May 10, 2010, Plaintiffs brought this class action against Pacific Life for a

variety of claims relating to life insurance policies that Pacific Life sold to Plaintiffs.

Complaint [DE 1]. On November 10, 2010, the Court granted in part Pacific Life's first

motion to dismiss [DE 27]. Thereafter, on December 13, 2010, Plaintiffs filed their

Amended Class Action Complaint [DE 34] ("Amended Complaint").

According to the Amended Complaint, Mr. Zarrella is the "sole officer,

shareholder, and member of Zarrella Construction, Inc." Am. Compl. ¶ 3.  Pacific Life is

a national life insurance company that provides insurance products for a variety of

purposes, including whole life insurance policies that can be used to fund employee

benefits plans, such as 412(i) plans.  Am. Compl. ¶ 11.

A 412(i) plan is an employer-sponsored defined benefit plan that provides

retirement and death benefits to its participants under § 412(i) of the Internal Revenue

Code.[1]  26 U.S.C. § 412(i) (2000) (amended as 26 U.S.C. § 412(e)(3) (2006)).  To

qualify as an insurance contract plan under § 412(i), the plan must meet certain

requirements listed in the statute, including that the defined benefits provided by the

plan must be equal to the benefits provided under each insurance contract at normal

retirement age.  § 412(i)(3).  The plan requires careful design and "sophisticated

actuarial calculations . . . to determine a benefit formula that is consistent with the

employer's objectives and budget."  Am. Compl. ¶ 8.  To create such a plan, an

employer establishes a trust to hold the plan's assets, and the trust uses tax-deductible

employer contributions to purchase and maintain life insurance and/or annuity policies

for the plans.  Id. ¶ 10; see also 26 U.S.C. § 401(a) (2006); 26 C.F.R. § 1.412(i)-

1(b)(2)(i) (2006).

In March 2003, Plaintiffs purchased nine individual policies from Pacific Life for

use in Zarrella Construction's 412(i) plan.  Am. Compl. ¶ 24.  Almost one year later, in

February of 2004, the Internal Revenue Service ("IRS") issued two Revenue Rulings

--------

[1]  The Pension Protection Act of 2006, 120 Stat. 780, 820-26 (2006), amended
§ 412 of the Internal Revenue Code.  The amendment renumbered § 412(i) as
§ 412(e)(3), but left the language of the statute unaltered.  In the interest of avoiding
confusion, the Court will continue to refer to the pre-amendment version of the statute.

declaring certain policies as illegal and abusive tax shelters. Id. ¶ 20; see also Rev.

Rul. 2004-20, 2004-1 C.B. 546; Rev. Rul. 2004-21, 2004-1 C.B. 544. The IRS

announced that the following five "markers" identify an abusive 412(i) plan:

- The plan is designed for the cash surrender value to be temporarily depressed, so that it is significantly below the premiums paid;

- After a short period, usually five years, the policy is sold to the employee for the amount of the current cash surrender value during the period the cash surrender value is depressed;

- The policy is structured so that the cash surrender value increases significantly after it is transferred to the employee;

- A "springing" cash value gives employers tax deductions for amounts far exceeding what the employee would have recognized in income; and

- The plan assets consist entirely of life insurance policies that provide death benefits far exceeding the death benefits that can be paid to a participant under the retirement plan.

Am. Compl. ¶ 22. Plaintiffs contend not only that their policies were characterized by all

five of these markers, but also that Pacific Life "marketed and expressly touted the

Policies by highlighting these 'special' benefits and/or incentives that—they knew or

should have known—violated the IRS Code and presented substantial tax risks to

Plaintiffs." Id. ¶ 26.

In 2005, the IRS began a nationwide audit campaign directed at abusive 412(i)

plans. Id. ¶ 32. As part of the audit, the IRS selected Plaintiffs' retirement plan for

examination for the year ending on December 31, 2003. Id. On September 7, 2007,

the IRS informed Plaintiffs that their plans failed § 412(i)(3), the requirement that the

benefits provided by the plan must be equal to the benefits provided under each

insurance contract at normal retirement age. Id. ¶ 33; see also § 412(i)(3). Plaintiffs

3

allege that the audit resulted in substantial and ongoing fees and expenses.  Am. Compl. ¶¶ 32-33.

Based on these facts, Plaintiffs' Amended Complaint asserts the following claims: Breach of Contract (Count I); Equitable Fraud (Count II); Negligence (III); and Unlawful Business Acts and Practices in Violation of California Business and Professions Code § 17200 *et seq.* ("California UCL") (Count IV).  On January 2, 2011, Pacific Life filed its Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of [its] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true, and accept all reasonable inferences therefrom.  Jackson v.

4

Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III.  ANALYSIS

Pacific Life moves to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted.  Pacific Life contends that the fraud-based claims (Counts II and IV) should be dismissed for lack of particularity, and that even if the Amended Complaint satisfies the particularity requirements, each claim fails as a matter of law.

### A.  Particularity Requirements
### (Counts II and IV)

Federal Rule of Civil Procedure 9(b) requires that a party alleging fraud or mistake "must state with particularity the circumstances constituting the fraud or mistake."  Fed. R. Civ. P. 9(b).  Under Eleventh Circuit precedent, "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, . . . (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) [it], . . . (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."  Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations and citations omitted).  Allegations of date, time, or place satisfy the particularity requirement of Rule 9(b), but alternative means are also available to satisfy

5

the rule. Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1512 (11th Cir. 1988); see

also Colonial Penn Ins. Co. v. Value Rent-A-Car, Inc., 814 F. Supp. 1084 (S.D. Fla.

1992) (finding particularity satisfied when plaintiffs provided general time frame,

described scheme in detail, and included specific allegations about related

correspondence).  The purpose of this heightened pleading requirement is to give the

defendant fair notice of the claims brought against it, to protect the defendant from

harm to its reputation, and to prevent plaintiffs from filing baseless claims and then

attempting to discover unknown wrongs.  See Holguin v. Celebrity Cruises, Inc., Nos.

10-20215-CIV, 10-20545-CIV, 10-20546-CIV, 2010 WL 1837808, at *2 (S.D. Fla. May

4, 2010).

> In the November 11th Order, the Court explained:
>
> > The Complaint fails to identify the time and place of the alleged statements
> > regarding the insurance policies, who made those statements, and what
> > information Pacific Life had or could have had in its possession to indicate
> > that the statements were false when made.  Plaintiffs in this case, like the
> > plaintiffs in Berry v. Indianapolis Life Insurance Co., 600 F. Supp. 2d 805
> > (N.D. Tex. 2009) ("Berry I"), where the court granted dismissal for lack of
> > particularity, "appear to be attempting to use the ultimate rulings and rule
> > making by the IRS in 2004 . . . , which they allege resulted in the illegality of
> > [the] defined benefit plans under section 412(i), to retroactively demonstrate
> > that representations made by [the insurance company's] alleged agents . .
> > . were false when made," id. at 818. The Complaint in the present case
> > makes an identical argument, stated with no more particularity than the Berry
> > I complaint. Without this information regarding its alleged statements, Pacific
> > Life does not have adequate notice of the fraud claims brought against it.
> > The Court cannot allow Plaintiffs to file such a general claim and then
> > attempt to discover unknown wrongs later in the litigation process. See id.

Nov. 11th Order at 7.

> Plaintiffs now re-plead two of the fraud-based counts that the Court previously

dismissed, Equitable Fraud (Count II) and Violation of the California UCL (Count IV),

but Plaintiffs have not remedied any of the particularity defects the Court identified in the November 11th Order.  In responding to the Motion to Dismiss, Plaintiffs concede that they made no efforts to comply with the Court's prior order.  Resp. at 4.  Plaintiffs state that their "failure to enumerate with greater specificity the identity of such agents or any other particulars concerning the statements made was inadvertent and can easily be remedied."  Id.  Noting that Plaintiffs have ignored the Court's previous Order regarding these claims, the Amended Complaint's Equitable Fraud (Count II) and California UCL (Count IV) counts will be dismissed.  Plaintiffs will have the opportunity to amend their pleading, but should Plaintiffs choose to ignore the Court's instructions once again, the Court will dismiss the counts with prejudice.  Because Plaintiffs will have the opportunity to cure this defect in an amended pleading, the Court will go on to address Pacific Life's additional argument for dismissal as a matter of law of the fraud-based counts, as well as the remaining counts.

### B.  Fraud-Based Claims
### (Counts II and IV)

A fraud claim lies for: (1) misrepresentation of material fact; (2) by someone who knew or should have known of the statement's falsity; (3) with intent that the representation would induce another to rely and act on it; and (4) injury suffered in justifiable reliance on the representation.  Fla. Evergreen Foliage v. E.I. Dupont de Nemours & Co., 336 F. Supp. 2d 1239, 1284 (S.D. Fla. 2004), aff'd 470 F.3d 1026 (11th Cir. 2006).  Plaintiffs' fraud-based claims, Equitable Fraud (Count II) and Violation of the California UCL (Count IV), fail as a matter of law because Plaintiffs have not sufficiently pled the material fact and reliance elements required for these claims.

7

## 1. Material Fact

Fraud must be based on material fact, not on a promise or a prediction of future events.  See First Union Brokerage v. Milos, 717 F. Supp. 1519, 1525 (S.D. Fla. 1989). As the Court found in its November 11th Order, Pacific Life's alleged representations were statements of opinion regarding future events.  The Amended Complaint, like the original Complaint, alleges that Pacific Life represented in March 2003 that the policies used to fund the 412(i) plans would be valid and subject to favorable future tax consequences.  Am. Compl. ¶ 49.  The IRS did not make its Revenue Rulings and proposed regulations regarding 412(i) plans until the following year.  Compl. ¶¶ 20-23; Rev. Rul. 2004-20; Rev. Rul. 2004-21.  Pacific Life's alleged representations were thus statements of opinion regarding future events.

Though Florida courts recognize an exception to the rule that opinions of future events cannot be the basis for fraud, the exception only applies when "the person expressing the opinion is one having superior knowledge of the subject of the statement and the plaintiff can show that the said person knew or should have known from facts in his or her possession that the statement was false."  Mejia v. Jurich, 781 So. 2d 1175, 1177 (Fla. Dist. Ct. App. 2001).  In dismissing the fraud-based claims in the original Complaint, the Court explained:

> The facts of this case are nearly identical to those in Berry I, 600 F. Supp. 2d 805 and Berry v. Indianapolis Life Insurance Co., 638 F. Supp. 2d 732 (N.D. Tex. 2009) ("Berry II"), where fraud claims were dismissed as unactionable because the insurance company's representations were mere opinions or predictions as to how the IRS would treat the plans in the future.  Though Berry I and Berry II did not discuss the Florida law exception treating certain opinions as facts for fraud purposes, Plaintiffs have not pled facts sufficient to qualify for this exception anyway. The allegations in the Complaint appear insufficient to support the contention that Pacific Life knew or should have

known that the IRS would scrutinize its policies, and the Complaint does not
provide an adequate basis for any allegation that the statements were false
when made.

Nov. 11th Order at 9.  In their Response to the Motion to Dismiss, Plaintiffs suggest that

their factual allegations regarding the IRS's historical scrutiny of springing cash value

policies demonstrates that "Pacific Life knew or should have known that the Policies

would be heavily scrutinized by the IRS, and would expose participants to costly IRS

audits including substantial tax liabilities, penalties and interest."  Resp. at 5; Am.

Compl. ¶¶ 17-18.  Just as the Court found when ruling on the first motion to dismiss, the

allegations regarding the IRS scrutinizing springing cash value policies in the past are

insufficient to support the conclusory allegation that Pacific Life therefore knew or

should have known that the IRS would find that its policies failed § 412(i).

The Amended Complaint adds one new allegation to this claim: "Such

misrepresentations were misrepresentations of implied fact and constituted

representations that the subject plans were in fact 'designed' or 'intended' to comply

with the requirements of the governing regulation, § 412(i)."  Am. Compl. ¶ 53.  This

statement does not change the fact that the count is premised on an opinion regarding

future events rather than a material fact, nor does it demonstrate that whoever

expressed the opinion had superior knowledge and knew or should have known that the

statement was false.  See supra.  Accordingly, as Plaintiffs' allegations are based on

statements of opinion regarding future events, and because Plaintiffs have not alleged

facts showing that the person making the statements had superior knowledge and knew

or should have known that the statements were false, the allegations in the Amended

Complaint remain insufficient on the issue of material fact element.

9

## 2. Reliance

In the November 11th Order, the Court found that Plaintiffs had not alleged the requisite reliance, finding that "any reliance on Pacific Life's alleged representations regarding future tax consequences was improper because Plaintiffs knew not to rely on Pacific Life for tax advice." Nov. 11th Order at 11 (citing Omni Home Fin., Inc. v. Hartford Life & Annuity Ins. Co., No. 06cv0921, 2008 WL 1925248, at **4-5 (S.D. Cal. Apr. 29, 2008) (fraud claims failed when disclaimers clearly explained Plaintiffs "should not rely on defendants for legal and tax advice")). The Amended Complaint fails to make any new allegations to alter this holding.

Plaintiffs argue in their Response that their fraud-based claims survive dismissal under the Texas "totality of the circumstances" test for determining whether a party has disclaimed reliance, as articulated in Berry III, 2009 WL 804163, at **21-22, but Plaintiffs cite no authority for the proposition that Florida law follows this test. Rather, Florida law is clear that "reliance on fraudulent representations is unreasonable as a matter of law where the alleged misrepresentations contradict the express terms of the ensuing written agreement." Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc., 262 F. Supp. 2d 1334, 1342 (S.D. Fla. 1999) (citations omitted).[2]

───────────────────────

[2] Plaintiffs also rely heavily on Wal-Mart Stores, Inc., v. AIG Insurance Co., 901 A.2d 106 (Del. 2006). In Wal-Mart, insurance companies allegedly represented that their corporate-owned life insurance ("COLI") policies were designed to comply with certain tax code provisions. Id. at 110, 111. The Supreme Court of Delaware found that Wal-Mart had adequately alleged a fraud claim, id. at 110, and refuted an argument that Wal-Mart had not relied on the insurance companies' representations, see id. at 116, but the facts in that case were distinct from those at issue here. Specifically, the insurance companies' argument that there was no reliance on their representations was based on a Letter of Understanding Wal-Mart had executed, stating that Wal-Mart had "reviewed with its own legal and tax advisors all present and future implications of its ownership of the [policies], including, but not limited to, the tax

Accordingly, in addition to their failure to cure the defective allegations regarding the material fact element required for a fraud claim, Plaintiffs have also failed to cure the defective allegations regarding the reliance element.  Therefore, the Court will dismiss Plaintiffs' fraud-based claims (Counts II and IV) without prejudice for failure to state a claim upon which relief can be granted.

### C.  Violations of California UCL
### (Count IV)

Pacific Life argues that Plaintiffs lack standing to bring their Violation of the California UCL claim, and that Plaintiffs fail to allege a predicate violation sufficient to state a claim under the California UCL.  Though the Court finds that Plaintiffs have alleged facts sufficient to demonstrate standing, the Court will dismiss the claim nonetheless, because Plaintiffs have failed to allege a predicate violation.

### 1. Standing

Section 17200 of the California UCL provides a remedy for injuries resulting from unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200 et seq.  The California UCL "does not support claims by non-California residents where none of the alleged misconduct or

---

consequences of loans and/or withdrawals from the Policies and the deductibility thereof, and that it has not relied upon any representations of AIG Life or any employee, broker or agent of AIG Life in that regard." Id.  The Wal-Mart Court found the letter not dispositive on the issue of reliance because it did not "state that Wal-Mart was absolving AIG Life of liability for material misrepresentations as to the structural flaws in its product." Id.  In this case, the disclaimers at issue came not from a letter or statement from Plaintiffs, but from the policy documents themselves.  Because the documents clearly explained that Plaintiffs should not rely on Pacific Life for legal or tax advice, any such reliance was improper. See Eclipse, 262 F. Supp. 2d at 1342; Omni, 2008 WL 1925248, at **4-5.

injuries occurred in California." Churchill Vill., L.L.C. v. Gen. Elec. Co., 169 F. Supp. 2d 1119, 1126 (N.D. Cal. 2000) (neglecting to apply California law against New York corporate defendant with principal place of business in Connecticut where no related acts took place in California).  Courts have allowed out-of-state purchasers to sue California defendants, but only when there was alleged misconduct within California. See, e.g., State of Fla., Office of Atty. Gen., Dep't of Legal Affairs v. Tenet Healthcare Corp., 420 F. Supp. 2d 1288, 1311 (S.D. Fla. 2005) (allowing UCL claim by non-Californians to proceed when defendant was headquartered in California and wrongful conduct occurred in California); Parks v. Eastwood Ins. Servs., Inc., No. SA CV 02-507 GLT (MLGx), 2002 WL 34370244, at *2 (C.D. Cal. July 29, 2002) (same); Diamond Multimedia Sys., Inc. v. Superior Court, 968 P.2d 539, 555-56 (Cal. 1999) (allowing non-Californians to sue under California statute when conduct occurred in California).

   The Amended Complaint alleges that the claims "arose as a result of Defendant Pacific Life's marketing and sale of the Policies in Broward County, Florida," Am. Compl. ¶ 7, and that Plaintiffs are Florida residents, id. ¶¶ 3-4.  The Amended Complaint also states that Pacific Life's principal place of business is in Newport Beach, California, id. ¶ 5, and that the insurance policies at issue "were authored, marketed and issued from Pacific Life's principal office in Newport Beach, California," id. ¶ 5. Though the sole fact that California is a defendant's primary place of business is insufficient to state a claim under the California UCL, see David v. Am. Suzuki Motor Corp., 629 F. Supp. 2d 1309, 1327 (S.D. Fla. 2009), the additional allegation that the policies were authored, marketed, and issued in California is sufficient to demonstrate standing under the California UCL, see Tenet Healthcare Corp., 420 F. Supp. 2d at

1311; Parks, 2002 WL 34370244, at *2. Accordingly, the Court will not dismiss Plaintiffs' Violation of the California UCL claim based on lack of standing.

### 2. Predicate Violations

The California UCL prohibits certain "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The "unlawful" prong "borrows violations of other laws and makes those unlawful practices actionable under the UCL." Berryman v. Merit Prop. Mgmt., Inc., 62 Cal. Rptr. 3d 177, 185 (Cal. Ct. App. 2007). Plaintiffs base their California UCL allegations on predicate violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq, and False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500. Pacific Life contends that both claims "fail to allege any 'unlawful' conduct." Mot. at 10.

### a. CLRA

A CLRA claim must relate to a "transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(b); see also Berryman, 152 Cal. Rptr. 3d at 188. Insurance products are not "goods or services" within the meaning of the CLRA. See Fairbanks v. Superior Court, 205 P.3d 201, 203 (Cal. 2009); Civil Serv. Emps. Ins. Co. v. Superior Court, 584 P.2d 497, 505 (Cal. 1978) ("insurance is technically neither a 'good' nor a 'service' within the meaning of the act"). Thus, the CLRA claim must fail and therefore cannot form the basis of Plaintiffs' claim for Violation of the California UCL.

### b. FAL

An FAL claim must be based on a claim that members of the public are likely to be deceived by an untrue or misleading advertisement. McCann v. Lucky Money, Inc.,

13

29 Cal. Rptr. 3d 437, 441 (Cal. Ct. App. 2005). The Amended Complaint makes no such allegation. Rather, it makes the general and conclusory statement that Pacific Life disseminated "uniformly deceptive advertisements and statements." Am. Compl. ¶ 64. Such a vague claim is insufficient to allege an FAL claim.

Accordingly, as Plaintiffs have failed to allege a proper predicate claim, their claim for Violation of the California UCL must fail. Therefore, in addition to its dismissal for lack of particularity and failure to allege material fact and reliance, the Violation of the California UCL claim will also be dismissed without prejudice for failure to allege a proper predicate violation.

## D.  Breach of Contract
### (Count I)

To survive dismissal for a breach of contract claim, a plaintiff must allege "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." Textron Fin. Corp. v. Lentine Marine, Inc., 630 F. Supp. 2d 1352, 1356 (S.D. Fla. 2009) (citing Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006)). Plaintiffs have recited each of these elements, but "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 545. Even considering the factual allegations as true and accepting all reasonable inferences therefrom, Jackson, 21 F.3d at 1534, Plaintiffs' breach of contract claim must fail at this time, as "no construction of the factual allegations will support the cause of action," Marshall, 992 F.2d at 1174.

Plaintiffs allege breach of contract "because the Policies when used to fund 412(i) Plans, did not and could not satisfy the requirements of Section 412(i)." Am.

Compl. ¶ 44.  However, as this Court previously explained, "in the written contract, Pacific Life specifically did not guarantee any future tax or legal consequences."  Nov. 11th Order at 10.  Rather, as the Amended Complaint itself states, "Pacific Life contracted with Plaintiffs to provide Policies that were *intended* to 'qualify as part of a tax-qualified retirement plan' that met the 'requirements of Code Sec. 401(a) and 412(i).'"  Am. Compl. ¶ 43 (emphasis added).  Here, as in <u>Espinosa v. Pacific Life Insurance Co.</u>, No. 07-20936 (S.D. Fla. filed on April 6, 2007), another case regarding Pacific Life's 412(i) plans, "the Pacific Life illustrations appear to be inconsistent with the complaint allegations to the extent that they plainly and expressly disclaim any promises or future tax benefits and require the plan participant to consider the tax treatment with his or her attorney or tax advisor."  <u>Id.</u> at Transcript 34-35.

Plaintiffs do not dispute that their policy did not guarantee future tax or legal consequences, nor do they disagree that the policy documents disclose that Pacific Life is not providing tax or legal advice regarding the plans.  Instead, Plaintiffs argue that the policy illustrations are not part of the policy.  Resp. at 3.  However, the breach of contract claim is not predicated on a guarantee in the policy itself, but rather on an allegation in the Rider.  <u>See</u> Am. Compl. ¶¶ 43-44.  The Rider does not guarantee any tax results.  It merely states that the "rider and any Policy covered by it are *intended to* qualify as part of a tax-qualified retirement plan or arrangement that meets the requirements of [Section 412(i)]."  Rider at 2 [DE 39-3 at 3].  The Rider and the related documents unambiguously instruct Plaintiffs to seek their own legal and tax advice.  <u>See id.</u>; Policy Illustration at 3 of 12 [DE 39-2 at 12]; <u>see also</u> <u>Berry v. Indianapolis Life Insurance Co.</u>, No. 3:08-CV-0248-B, 2009 WL 804163, at *20 n.11 (N.D. Tex. March

26, 2009) (Berry III) (case about similar 412(i) policy-related claims against Pacific Life).

If Plaintiffs purport to allege a breach of contract based on the proposition that Pacific Life promised it *intended* for its policies to meet the 412(i) requirements, but breached the contract because it *did not intend* to meet these requirements, then the allegations must state this.  A breach of contract claim because the policies "did not and could not satisfy the requirements of Section 412(i)," Am. Compl. ¶ 34, does not allege a breach of the intention to comply with 412(i).  Therefore, Plaintiffs' breach of contract claim will be dismissed without prejudice.

### E. Negligence
### (Count III)

To plead a negligence claim under Florida law, a plaintiff must allege: "(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach, and (4) the plaintiff suffering actual harm from the injury."  Zivojinovich v. Barner, 525 F.3d 1059, 1067 (11th Cir. 2008).  "Although the issue of whether a defendant exercised reasonable care is generally a jury question, whether a 'duty of care' exists is a question of law to be determined solely by the court."  L.A. Fitness Int'l, LLC v. Mayer, 980 So. 2d 550, 557 (Fla. Dist. Ct. App. 2008).  In the November 11th Order, the Court dismissed Plaintiffs' negligence claim for failure to allege that Pacific Life breached a legal duty.  Nov. 11th Order at 15-16.  Now, in the Amended Complaint, Plaintiffs add, "Pacific Life also had a duty to inform and warn Plaintiffs of the risks posed by the 412(i) Plans that it structured," Am. Compl. ¶ 57, and "Pacific Life also knew or should have known about the risks posed by the 412(i) Plans that it structure,

16

and it was negligent in failing to disclose said risks to Plaintiffs," id. ¶ 58.

An insurance company is under no duty to advise its insureds regarding the tax consequences of their insurance transactions. See, e.g., Metropolitan Life Ins. Co. v. Barreto, 178 F. Supp. 2d 745, 750 (S.D. Tex. 2001); Kessler v. Lincoln Nat'l Life Ins. Co., 620 F. Supp. 282, 284-85 (D.D.C. 1985). Accordingly, Plaintiffs' claim must fail because they have not alleged the existence of a legal duty. Regardless, even if such a duty to inform and warn Plaintiffs of the 412(i) plans' risks did exist, Pacific Life advised that it had not determined that the plan achieved any specific tax objectives and warned Plaintiffs to discuss the tax and legal consequences of the plans with their own advisors. See Policy Illustration at 3 of 12 ("[this information] is not intended to be tax or legal advice. Such advice should be obtained from your own counsel or other tax advisor.") Therefore, the negligence claim will be dismissed without prejudice.[3]

_____

[3] Furthermore, had the breach of contract claim survived dismissal, the economic loss rule would bar recovery under the negligence claim alleged in the Amended Complaint. The economic loss rule precludes recovery for negligence that results only in economic harm. Casa Clara Condo. Ass'n v. Charley Toppino & Sons, Inc., 620 So. 2d 1244, 1246 (Fla. 1993). The Florida Supreme Court has "declined to extend the economic loss rule to actions based on fraudulent inducement and negligent misrepresentation," Moransais v. Heathman, 744 So. 2d 973, 981 (Fla. 1999), as these are "causes of action based upon torts independent of the [breach of contract action]," id. at 981. Nevertheless, the economic loss rule does bar an action "where a defendant has not committed a breach of duty apart from a breach of contract." Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc., 891 So. 2d 532, 537 (Fla. 2004). This is because "[t]he prohibition against tort actions to recover solely economic damages for those in contractual privity is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." Id. at 536.

The alleged breach of duty in the negligence action is not independent of the alleged breach of contract. The negligence claim now alleges breach of a duty to structure and design policies suitable for 412(i) plans, see Am. Compl. ¶ 57, and breach of a duty to inform and warn Plaintiffs of the risk posed by the 412(i) plans, id. The breach of contract claim alleges breach because the 412(i) plans "did not and could not satisfy the requirements of Section 412(i)." Id. ¶ 44. As discussed above, the Court

## IV.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant Pacific Life's Motion to Dismiss is **GRANTED**.  The Amended Class Action Complaint [DE 34] is **DISMISSED without prejudice**.  Plaintiffs may file a Second Amended Complaint by **April 11, 2011**.  Pacific Life's Answer will be due 14 calendar days from the filing of a Second Amended Complaint.  **Plaintiffs' failure to file a Second Amended Complaint by the April 11, 2011 deadline may result in the closing of this case.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 29th day of March, 2011.

**JAMES I. COHN**
**United States District Judge**

Copies provided to:
Counsel of record via CM/ECF

---

has already determined that the breach of contract claim will be dismissed for failure to state a claim upon which relief can be granted.  However, should Plaintiffs re-plead both a negligence claim and breach of contract claim, and should the breach of duty in the negligence action be the same as the breach alleged in the breach of contract action, the economic loss rule will bar recovery of the negligence claim.