UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60754-CIV-COHN/SELTZER

LARRY ZARRELLA, an individual,
ZARRELLA CONSTRUCTION, INC.,
A Florida Corporation, on Behalf of All
Others Similarly Situated,

    Plaintiffs,

vs.

PACIFIC LIFE INSURANCE COMPANY,

    Defendant.
_____/

<u>ORDER ON PLAINTIFFS' AMENDED MOTION FOR PARTIAL RECONSIDERATION</u>

THIS CAUSE is before the Court on Plaintiffs' Amended Motion for Partial Reconsideration (DE 119) and the Court being sufficiently advised, it is hereby ORDERED that the Motion is DENIED for the reasons set forth below.

Plaintiffs Larry Zarrella and Zarrella Construction, Inc. ("collectively, Zarrella) request that the Court reconsider its May 31, 2011 Order (DE 109) on Plaintiffs' Motion to Compel (DE 55) with respect to its ruling as to waiver of the attorney-client privilege. One court in this District has succinctly set forth the standard for reconsideration:

> The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. In order to reconsider a judgment there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for

>reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made.  Instead, a motion for reconsideration is appropriate where the Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension . . . .  Such problems rarely arise and the motion to reconsider should be equally rare.

<u>Burger King Corp. v. Ashland Equities, Inc.</u>, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (Gold, J.) (internal citations and quotation marks omitted).

      Zarrella previously moved to compel Defendant Pacific Life Insurance Company ("Pacific Life") to produce certain documents that Pacific Life has withheld under a claim of attorney-client privilege (and has identified in a privilege log).  Zarrella argued that Pacific Life had waived the privilege by producing an August 12, 2002 opinion letter of outside counsel, Stephen Dicke,[1] and by the deposition testimony of its in-house counsel, Eric Miller.  With respect to attorney Dicke's opinion letter, Zarrella contended:  "In short summary, [Pacific Life] has waived any attendant privilege to any responsive document **by producing attorney client privileged materials** concerning communications with legal counsel over the accuracy of the written statements contained in the Pacific Life policy rider quoted."  Motion to Compel at 5 (DE 55) (emphasis added).  In addition to waiver based on voluntary disclosure of "privileged materials," Zarrella additionally argued that Pacific Life had impliedly waived the attorney-client privilege because "the purpose of the Dicke

---

      [1]    Attorney Dicke's opinion letter concerned "certain federal income tax consequences under section 402(a) [of the Internal Revenue Code] resulting from the distribution of a PL Flex II life insurance policy . . . from a qualified retirement plan under section 401(a) . . . to the Policy's insured participant" under certain specified circumstances.  Opinion Letter (DE 57) (footnote omitted).

opinion letter is to show that Defendant followed the advice of counsel in structuring and marketing its policies." Id.  In its Reply, however, Zarrella abandoned its implied "issue waiver," conceding that at this stage of the litigation, "it is not possible to forecast whether Defendant will attempt to utilize the advice of counsel defense so as to operate as a broad issue waiver regarding attorney-client privilege."  Reply at 8 (DE 62).

In response to Zarrella's Motion to Compel, Pacific Life argued that because the August 12, 2002 Dicke opinion letter is not, and never was, protected by the attorney-client privilege, Pacific Life could not have waived the privilege by producing the document. Pacific Life correctly noted that under Florida law, the attorney-client privilege protects only communications between a client and an attorney that were intended to be confidential. See Fla. Stat. § 90.502(1)(c) ("A communication between a lawyer and client is "confidential" if it is not intended to be disclosed to third persons. . . .").  Based on the sworn Declaration of Pacific Life's vice-president and in-house tax counsel, averring that it was understood that the opinion letter could be shared with potential purchasers of Pacific Life's insurance policies and their tax and legal advisors, and based on the language of the opinion letter itself, stating that it could be shared with third parties, this Court agreed that Dicke's opinion letter was not protected by the attorney-client privilege and, therefore, Pacific Life did not waive the privilege as to other documents by producing the letter in response to Zarrella's document requests.  Accordingly, the Court declined to require Pacific Life to produce the privileged documents sought by Zarrella.[2]  See May 31,

---

[2] The Court additionally ruled that Eric Miller's deposition testimony did not waive the attorney-client privilege because he did not testify as to any confidential attorney-client communication.  Zarrella, however, does not request that the Court reconsider this ruling.

2011 Order at 5, 9 (DE 109).

In the instant Motion for Partial Reconsideration, Zarrella acknowledges that attorney Dicke's opinion letter is not "attorney-client privileged." Zarrella, however, contends that this Court "committed clear error" with respect to its ruling as to waiver of the attorney client privilege; it contends that the Court "misunderstood (slightly) [its] argument and, as such, Reconsideration and reversal is warranted." Amended Motion for Partial Reconsideration at 2 (DE 119). Zarrella attempts to explain the position it purportedly raised by its Motion to Compel: "[I]f the [Dicke opinion] letter is not a confidential communication, *because Pacific Life and its attorneys intended it that way*, any and all communications between Pacific Life and [Dicke's law firm] which led to the preparation of the [opinion letter] can also not be privileged." Id. at 3 (emphasis in original). Zarrella previously raised a similar (if not the same) argument in its Reply in support of its Motion to Compel; Zarrella argued:

> [I]t does not matter whether [Dicke's] opinion letter sent to [Pacific Life] is an attorney-client communication which was initially protected by privilege or not. It was produced in this case in response to a relevant inquiry about the design and structure of the 412(i) plans and policies it sold to [Zarrella].[3] Indeed, it appears to have been offered to exculpate Defendant regarding its culpability in the sale of marketing such plans in the face of existing rulings and regulations. Regardless, all communications on the subject of that letter are required to be produced and not simply the letter itself.

Reply at 2 (DE 62) (footnote added).

---

[3] The Court notes that Pacific Life would have had no legitimate basis for not producing the opinion letter as it was responsive to Zarrella's document requests and it is not privileged. Had Pacific Life failed to produce the opinion letter, no doubt Zarrella would have (rightfully) moved to compel its production.

4

In its May 31, 2011 Order, this Court did not specifically address this argument for several reasons.  First, Zarrella raised that argument for the first time in its Reply; in its Motion to Compel, Zarrella had limited its argument to waiver by voluntary disclosure of "privileged materials," that is, the Dicke opinion letter (except to the extent Zarrella argued "issue" waiver based on an advice of counsel defense, which argument it abandoned). Second, the Court could not credit Zarrella's assertion that the opinion letter "appears to have been offered to exculpate Defendant regarding its culpability in the sale of marketing such plans."  Nothing in the record then (or now) suggests that Pacific Life offered the Dicke opinion letter for an exculpatory purpose;  Pacific Life merely produced the opinion letter as a document responsive to Zarrella's request for production seeking Pacific Life's marketing of its 412(i) policies.  Additionally, Zarrella's assertion that Pacific Life had conceded (by the cases cited in its Response) that its disclosure of Dicke's opinion letter, whether privileged or not, required disclosure of all privileged communications relating to the same subject matter was factually incorrect.  Reply at 4 (DE 62).  Rather, Pacific Life had merely argued that if the Court found that a waiver had occurred (which waiver Pacific Life denied), then the scope of the waiver should be limited.  Finally, Zarrella failed to cite any case law or other authority supporting its argument that the production of a non-privileged document waives the attorney-client privilege as to other documents withheld under a claim of privilege.

In its Amended Motion for Partial Reconsideration, Zarrella, however, now cites one non-controlling case in support of its argument that "if the [Dicke opinion] letter is not a confidential communication, *because Pacific Life and its attorneys intended it that way*, any and all communications between Pacific Life and [Dicke's law firm] which led to the

5

preparation of the [opinion letter] can also not be privileged." Motion for Reconsideration at 3 (DE 119) (emphasis in original). Zarrella relies solely on V. Mane Fils S.A. v. International Flavors and Fragrances, Inc., 249 F.R.D. 152 (D.N.J. 2008), a patent infringement case. In V. Mane Fils, before the litigation commenced, the defendant had obtained letters from outside patent counsel opining that the plaintiff's patent was invalid; at least one of the opinion letters stated that it was protected by the attorney-client privilege and, thus, should not be distributed to anyone except individuals in the defendant's firm who needed to be aware of its contents. Nonetheless, the defendant provided the opinions letters to potential customers to induce them to switch from the plaintiff's products to the defendant's product. The plaintiffs demanded that the defendant "cease and desist" from selling its allegedly infringing product; in response, the defendant stated that it believed it had a solid defense to infringement, as evidenced by "a comprehensive opinion from a well-recognized outside patent counsel." Id. at 154. After initiating its infringement action, the plaintiff sought production of the opinion letters, as well all documents surrounding the defendant's solicitation of the opinions, internal communications, and statements of the defendant's in-house patent counsel, arguing that defendant had waived the attorney-client privilege.

The V. Mane Fils Court found that the defendant had waived the attorney-client privilege by disclosing the opinion letters to its potential customers and to the plaintiff's counsel as "the privilege cannot be used as both a sword and a shield." Id. at 155. Accordingly, the court ordered the defendant to produce the opinion letters; it additionally required the defendant to produce "all documents surrounding these opinion letters," because "waiver extends beyond the document initially produced out of concern for

6

fairness." Id. (citation omitted). In so ruling, the court stated:

> As a general rule, purposeful and voluntary disclosure of <u>attorney-client communications</u> constitutes a waiver of privilege.[4] When a patent infringer elects to disclose an opinion of counsel, the result is a complete subject matter waiver extending to any document or opinion that embodies or discusses a communication to or from the defendant concerning whether the patent is valid, enforceable, and infringed. Courts have held that it would be unfair to allow a client to assert the attorney-client privilege and prevent disclosure of damaging communications while allowing the client to disclose other selected communications solely for self-serving purposes. Put another way, a party cannot disclose communications that support its position while simultaneously concealing communications that do not. It must be noted that once a party waives the attorney-client privilege, it relinquishes the privilege for all purposes and circumstances thereafter.

Id. at 154-55 (citations and quotation marks omitted) (footnote and emphasis added). Zarrella does not attempt to explain how these principles apply to the facts of this case. Rather, it merely states: "Here, there are neither differences nor distinctions. [Attorney Dicke is] opining on the efficacy and legality of an insurance policy not a patent. But the principle cannot be distinguished." Motion for Reconsideration at 3 (DE 119). Zarrella, therefore, requests that the Court order Pacific Life to produce "all documents between [attorney Dicke] and Pacific Life which led to, or relate to, the [Dicke] letter." Id.

Zarrella has failed to clearly articulate, in either its Reply in support of its Motion to Compel or in the instant Amended Motion for Partial Reconsideration, what type of waiver he is asking the Court to find. However, (although not expressly noted by the V. Mane Fils Court) the "sword and shield" doctrine and "concerns for fairness" arise in the context of

---

[4] The Court notes that here the opinion letter produced by Pacific Life is not privileged, and Pacific Life has not disclosed any attorney-client communications.

"implied" waiver.

To the extent that the Court should have addressed implied waiver in its May 31, 2011 Order, it does so now and expressly rejects the argument(s) raised by Zarrella in its Reply in support of its Motion to Compel and the instant Amended Motion for Partial Reconsideration.  "Implied waiver of the attorney-client privilege can occur where a party voluntarily injects either a factual or legal issue into the case, the truthful resolution of which requires an examination of the confidential communications.  This type of waiver is often referred to as 'at issue' waiver."  Pyramid Controls, Inc. v. Siemens Indus. Automations, Inc., 176 F.R.D. 269, 272 (N.D. Ill. 1997) (internal citation omitted).  The Eleventh Circuit has noted that "courts have found waiver by implication" in three circumstances:  (1) "when a client testifies concerning portions of the attorney-client communication";  (2) "when a client places the attorney-client relationship directly at issue"; and (3) "when a client asserts reliance on an attorney's advice as an element of a claim or defense."  Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1418 (11th Cir.), modified on other grounds, 30 F.3d 1347 (11th Cir. 1994) (quoting Sedco Int'l S.A. v. Cory, 683 F.2d 1201, 1206 (8th Cir. 1982)) (internal citations omitted).  "All of these established exceptions to the rules of privilege have a common denominator; in each instance, the party asserting the privilege placed information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would have been manifestly unfair to the opposing party."  Id. at 1419 (quoting Pitney–Bowes, Inc. v. Mestre, 86 F.R.D. 444, 447 (S.D. Fla.1980) (quoting Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash.1975)). As the Eleventh Circuit noted in Cox, the implied waiver doctrine "reflects the position that the attorney-client privilege '"was intended as a shield, not a sword."'  Id. at

1417 (quoting GAB Business Servs, Inc. v. Syndicate 627, 809 F.2d 755, 762 (11th Cir.1987) (quoting Pitney–Bowes, 86 F.R.D. at 446)).  "In other words, '[a] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes.'" Id.  (quoting United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir 1991) and citing United States v. Jones, 696 F.2d 1069, 1072 (4th Cir.1982) ("Selective disclosure for tactical purposes waives the privilege.")).

      Here, Zarrella has failed to demonstrate that Pacific Life has testified to or otherwise revealed any attorney-client communication, that Pacific Life has placed the attorney-client relationship directly at issue, or that Pacific Life has asserted an advice of counsel defense.  Indeed, Pacific Life has not yet filed an answer or asserted any affirmative defenses, as its Motion to Dismiss the Second Amended Complaint is still pending.  More significantly, Pacific Life did not produce the (non-privileged) opinion letter to gain any unfair tactical advantage in this litigation.  Zarrella has not identified any pleading or any testimony in which Pacific Life has used the Dicke opinion letter in support of its position.  Indeed, Zarrella has failed to identify any use at all of the opinion letter by Pacific Life in this litigation.  In short, nothing in the record reflects that Zarrella has attempted to use the Dicke opinion letter as a "sword."

      Additionally, not only is the Court unable to find that it would be unfair to Zarrella for Pacific Life to withhold privileged documents that may relate to the opinion letter, it would be manifestly unfair to Pacific Life to require it to produce them under the circumstances here.  Accordingly, the Court concludes that Pacific Life has not waived the attorney-client privilege by implication, by placing the opinion letter or its content at issue, by voluntarily disclosing the opinion letter in response to Zarrella's discovery request, or otherwise.  The

Court, therefore, declines to reconsider its May 31, 2011 ruling that Pacific Life is not required to produce the documents it has withheld based on the attorney-client privilege.

DONE AND ORDERED in Fort Lauderdale, Florida, this 15th day of June 2011.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record