UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60754-CIV-COHN/SELTZER

LARRY ZARRELLA, an individual,
ZARRELLA CONSTRUCTION, INC.,
a Florida Corporation, on Behalf of All
Others Similarly Situated,

       Plaintiffs,

v.

PACIFIC LIFE INSURANCE COMPANY,

       Defendant.
_____/

**ORDER DISMISSNG PLAINTIFFS' PARTIAL APPEAL AND OVERRULING OBJECTIONS TO ORDER OF MAGISTRATE JUDGE SELTZER ON PLAINTIFFS' MOTIONS TO COMPEL DOCUMENTS PERTAINING TO STEPHEN DICKE**

**THIS CAUSE** is before the Court on Plaintiffs Larry Zarrella and Zarrella Construction, Inc.'s Partial Appeal From and Objections to Order of Magistrate Judge Seltzer on Plaintiffs' Motions to Compel Documents Pertaining to Stephen Dicke [DE 137] ("Appeal and Objections"). The Court has considered the Appeal and Objections, Defendant Pacific Life Insurance Company's Response [DE 147], Plaintiffs' Reply [DE 149], Judge Seltzer's Order [DE 109], the record in this case, and is otherwise advised in the premises.

**I. BACKGROUND**

On May 10, 2010, Plaintiffs brought this class action for a variety of claims arising out of individual life insurance policies Defendant sold to Plaintiffs for use in

Zarrella Construction's 412(i) plans.[1] See Complaint [DE 1]; Second Amended Complaint [DE 69]. Plaintiff alleges that Defendant misrepresented that "(a) the Policies were appropriate for use in funding 412(i) plans; (b) the premiums paid on the policies were fully tax deductible; and (c) the purchaser could pay five annual premiums and then purchase the policy for its suppressed cash value, while taking tax-free loans against the policy." Sec. Am. Compl. ¶ 1. Plaintiffs further allege that Defendant "knew, or should have known, that it structured, marketed, and sold Policies posing numerous material tax risks, including disqualification under § 412(i), the loss of tax deductions for plan contributions, Internal Revenue Service (IRS) audits of the 412(i) Plan and the concomitant fees and costs, and severe IRS financial penalties stemming from the failure to qualify under § 412(i)." Id. at ¶ 2. Additionally, Plaintiffs allege that the IRS determined that Defendant's issuance of the policies under a 412(i) plan constituted an abusive and illegal tax shelter and that, as a result, Plaintiffs suffered substantial damages. Id.

During the course of discovery, Plaintiffs served Defendant with a request for production of documents. Defendant produced over 16,000 pages of documents, but withheld certain documents as privileged. On March 9, 2011, Plaintiffs filed their First Motion to Compel Production of Documents [DE 55]. On April 21, 2011, they filed their Renewed Motion to Compel Production of Documents and for Sanctions for Discovery Misconduct [DE 71]. On May 31, 2011, Judge Seltzer granted in part and denied in part

---

[1] A 412(i) plan is an employer-sponsored defined benefit plan that provides retirement and death benefits to its participants under § 412(i) of the Internal Revenue Code. 26 U.S.C. § 412(i) (2000) (amended as 26 U.S.C. § 412(e)(3) (2006)).

the motions.  With respect to Stephen Dicke's August 12, 2002 opinion letter regarding the valuation of a Pacific Life Flex XII life insurance policy when distributed from a qualified retirement plan [DE 57-1] ("Dicke Letter"), Judge Seltzer found as follows:

> [A]ttorney Dicke's August 12, 2002 opinion letter is not an attorney-client privileged communication because Pacific Life and Dicke did not intend that it be kept confidential.  Ronce (Pacific Life's vice president and in-house tax counsel) avers in his declaration that the opinion letter contains no attorney-client privileged designation and that "[i]t was understood that the opinion letter would not be a confidential communication but rather that it could be shared with potential purchasers of Pacific Life policies and their tax and legal advisors to assist them in discussing the issue raised in the opinion letter."  Ronce Decl. at ¶¶ 8, 9 (DE 61-3).  Indeed, the opinion letter itself expressly states in two places: "[Pacific Life] may make this letter available in its entirety to potential purchasers and users of a Policy, and to their tax and legal advisors, to assist in discussing the issues raised in this letter."  Opinion Letter at 2 and 15 (DE 57-1).  See Aronson v. McKesson, No. 99-CV 20743, 2005 WL 934331, at *3-5 (N.D. Cal. Mar. 31, 2005) (finding attorney-client communications were not confidential because at the time made an agreement existed providing for disclosure of the communications to a third party).

May 31st Order at 5-6.  On June 10, 2011, Plaintiffs filed an Amended Motion for Partial Reconsideration of Magistrate Seltzer's Order [DE 119], which Judge Seltzer denied on June 15, 2011 [DE 122].

Plaintiffs now bring their arguments before the undersigned, requesting an order reversing Judge Seltzer's decision pertaining to the Dicke Letter.  Plaintiffs argue, "Since the Dicke letter is not a confidential attorney-client communication, *because Pacific Life and its attorneys intended it that way*, any and all communications between Pacific Life and the Scriber Hall firm which led to the preparation of the Dicke Letter can also not be privileged."  Appeal & Obj. at 5.

3

## II. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may decide non-dispositive motions. Upon objection by a party, the district court may reconsider any pretrial matter where it has been shown that the magistrate judge's order is "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1); Massey v. United Transp. Union, 868 F. Supp. 1385, 1388 (S.D. Ga.1994) (stating that magistrate judge's order will be set aside when clearly erroneous or contrary to law), aff'd, 65 F.3d 183 (11th Cir.1995). Accordingly, unless Magistrate Judge Seltzer's determinations with respect to the matters at issue were clearly erroneous, or contrary to law, those determinations shall not be disturbed.

Plaintiffs' argument begins with the premise that the Dicke Letter was not attorney-client privileged and ends with the conclusion that any communications leading up to the preparation of the letter therefore must also not be privileged. The undersigned agrees with Judge Seltzer that this logic is flawed.

In support of their argument, Plaintiffs cite two non-controlling cases: V. Mane Fils S.A. v. International Flavors & Fragrances, Inc., 249 F.R.D. 152 (D.N.J. 2008), and Weil v. Investment/Indicators Research & Management, 647 F.2d 18 (9th Cir. 1981). Both cases held that a party who disclosed an attorney-client privileged opinion letter relinquished the privilege as to the letter and all of the communications leading up to it. Weil, 647 F.3d at 23-24; V. Mane, 349 F.R.D. at 154-55. Neither case applies here, because there has been no disclosure of any attorney-client privileged information. Though the Dicke Letter was disclosed, the parties agree that the Dicke Letter was not attorney-client privileged. See Appeal & Obj. at 5; Resp. at 6. Therefore, disclosure did not waive any privilege, and Judge Seltzer's determinations were not clearly erroneous.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs Larry Zarrella and Zarrella Construction, Inc.'s Partial Appeal to Order of Magistrate Judge Seltzer on Plaintiffs' Motions to Compel Documents Pertaining to Stephen Dicke [DE 137] is **DISMISSED**, and Plaintiffs' Objections to that Order [DE 137] are **OVERRULED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 25th day of July, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF